Good morning again, your honors. Bram Alden for the United States. The government's conduct in this case was fair and reasonable and should not have resulted in suppression. You're appealing? Yes, your honor. The district court suppressed the evidence? Correct, your honor. And what happened in this case? I'm used to seeing you up first. I am not used to being up first and I will attempt to watch the clock in reserve time for rebuttal, which I have never done. The government's investigation in this case began with a report and continued for about a month before they procured a state search and seizure warrant that permitted the search of defendant's home and the seizure and in fact forensic search of his laptop. The agent then actually contacted the U.S. Attorney's office and told, do not search the laptop before obtaining a federal warrant because the federal warrant would include the recommended language that is in the concurring opinion that Judge Kaczynski wrote in CDT. Right, so even if they'd had probable cause to seize the laptop, before you open it up you've got to get another warrant. At least that was the advice given to him. That was the advice, that it was an advisory recommendation of this court but not, but certainly that is our office policy. So here's my question, let's assume that the initial warrant, there was no probable cause established to seize the laptop in the initial warrant, that the magistrate judge put it there, wasn't the fault of your client or your agent, and therefore he, if we were only talking about the laptop, we wouldn't suppress it because it would be subject to the good faith exception. He goes and gets a warrant to open, open is the wrong word, but to look inside the laptop, but he waits 21 days. The district court says that's too long. How do we review the district court's determination? Do we review that de novo or for abuse of discretion? It's a de novo, the legal question as to whether the unreasonable delay doctrine applies to the 20-day gap, and if the doctrine does apply, whether the district court misapplied it by failing to account for the state warrant whatsoever. So it's a de novo review? Yes. There's no finding of fact by the district court that we ought to give deference to? I think that's right. The only findings here really that actually should influence the court are in the government's favor, because the district court found that there was probable cause for the search and seizure of the home, the search of the home and the seizure of the laptop. You said something about the state warrant, what it covered. It didn't cover going into searching the data contained on the computer. It actually did permit the government to conduct a The reason that the government didn't rely on that is because our office policy is to say we would like a federal warrant that includes all of the restrictions that were set forth in the concurring opinion from CDT, which this court has held is not actually binding precedent, the CDT concurrence. Yeah, no you did, nobody doesn't think you didn't do the right thing by getting a second warrant. The question is, was the delay in getting it, does that require suppression of the... Well, and I think the district court did think in effect that we did the wrong thing, because otherwise the good faith exception should have applied. And I would urge this court to look at this either from the perspective of the unreasonable delay doctrine should not have applied at all, or that if it did, it should have applied in a very different way. So is it your argument that if you didn't get this, let's assume you didn't get the second warrant, that you would have been able to look inside, and that's my shorthand, look inside the laptop under the good faith doctrine? Yes, and I would have been making a different argument to this court at that point. The district court said that, this is contrary to what you just said to me, that the difficulty with the government's position is that it does not even attempt to argue that the state search warrant was sufficient to permit a search of the And what we had said was that CDT concurrence urges the government to employ certain federal recommended or advisory standards. We never took the position that those were required. So when you federal, you don't, you're not equating federal with constitutional here? No. Now when the judge says federal standards, you think he means your standards as opposed to the in the CDT concurrence. Right, but that's where, I mean the CDT majority set forth substantive law, and I think Judge Kaczynski wrote that too, substantive law on, you know, on what was the unconstitutional bounds, and really his concurrence was more on, okay, so procedurally, technically, here's are the steps, I mean we didn't want to be in a position of telling law enforcement what, I mean, they could come up with also, come up with their own good procedures, and I think I also concurred with Judge Kaczynski, but yeah, I mean, just that we didn't, as a federal court, want to tell law enforcement, you know, dictate the technical steps in which they need to comply in order to meet constitutional standards, but it was definitely, these are the best practices. And that is exactly why our office tells agents that we want to comply with those best practices. And maybe it's my fault for taking you, giving you the hypothetical, because let's assume for a moment that you couldn't search it, based simply on the state warrant. Explain the delay. The delay doctrine, I think, if it were applied at all, would have to look at the consent cases as an analog, because this court has never held that the unreasonable delay doctrine applies where a warrant was obtained. That's what I was trying to find, I was trying to find some cases on that. It almost always occurs when something is seized without a warrant. Correct. Either pursuant to an arrest or in some other, some other way, and then, and then the government is required or the state's required to go in and get a warrant. Correct. To keep it in effect. And that makes sense because the Fourth Amendment protection is designed to ensure that the prolonged retention of this property is not warrantless. But in the context of an actual warrant, I think the closest analog are the consent cases. So this court's unpublished decision in Marinko, which held. Well, the consent cases are a little bit different because, starting from the proposition here, there was no probable cause to seize the computer in the first place. Where in the consent case, you know that the, somebody's given up his possessory interest. At that point, if you are starting from the proposition. Just for purposes of this question, obviously. Then I think we would only be relying on the good faith exception at that point. Because the agents did, they did obtain a warrant. The magistrate, the state magistrate signed off on that warrant. So I assume you've legally got it under the good faith exception. And now the question is, can you wait forever? Let's assume that you are required to get a warrant to go inside of it. Can you wait forever? Is there some time limit? How quickly must you act? I think then, if it's just a question of did we have a plain view right or some other right to seize the laptop, the unreasonable delay doctrine does apply. Okay, so you've got the warrant, you could seize, you could just take it. You believed that you needed an additional warrant to actually search the data inside the computer. I think what bothered Judge Wu, and normally he puts you on the other side, so this is unusual for him too. So I think what bothered him was that there was no reason given for the delay. Like why could it have been done, gotten, why couldn't the warrant have been gotten earlier? What was the reason for this delay? And the reasons that seem to have been given to justify the delay just didn't seem to be adequate. And a reference to a holiday, and then he was doing all these things related to the case, but he's also still holding the defendant's computer. And so what was, what reason was there for the delay that justified the delay? I think the reason that there wasn't as much of a justification offered was because the government sincerely believed that there was no need for expedience when the warrant permitted the retention of the laptop. So ordinarily, we would say to an agent, you have to get a warrant to search this laptop immediately because there was no warrant in the first instance. But because he had seized it with a warrant, our office did not urge him to act expeditiously knowing that he had the right to retain it. Could you have retained the laptop through trial? Not searched it, but retained it? Yes, and if the defendant wanted to challenge that or get his laptop back, he has a remedy under Rule 141G. And what that remedy is, is that he has to file a motion. Here, he didn't even make a request for the laptop, but he'd have to file a motion. And then the district court would have balanced the government's interest in the retention versus the defendant's possessory interest that might remain and determined whether he should be given the laptop back, even pending trial. And if I may reserve what's left. Thank you. Can I ask you a quick question? Yes. Is it common practice for an agent just in the federal U.S. Attorney's Office to go by himself or herself to a magistrate without the warrant being prepared and reviewed by an assistant? No. In our office, if it's a federal warrant, we would review the affidavit before the agent went to the magistrate. Good morning, Your Honors, and may it please the Court. My name is Margaret Farren. I'm appearing on behalf of the defendant and appellee, Royce Jobe. I would like to refocus the Court's inquiry just a little bit from what the government was talking about just now. The government was characterizing this seizure, Jobe's quarrel with the seizure warrant, as being based on its failure to incorporate discretionary procedures set forth in CDT. That is not the central problem with the warrant. The problem comes from its failure. Which warrant? The initial seizure warrant. Let's assume it's no good. Let's assume the initial seizure warrant is not based on probable cause to seize the computer. But it says you may seize the computer, and there's no evidence of misconduct by anybody, at least that you've put in the record that the judge found. I would actually disagree with that, Your Honor. Did the judge find misconduct? The judge found that there was no reasonable reliance on the state seizure warrant to hold the computer. The judge didn't use the word misconduct. I would like to say, though, the problem was not But that's a legal conclusion, is it not? That there was – I'm sorry, what is a legal conclusion? That there were – well, they have a warrant that says you may seize the computer. They seized the computer. Why isn't it reasonable for them to seize the computer based on that I'm agreeing with you that the magistrate was not presented with probable cause to justify seizure of the warrant. My question is, nonetheless – seizure of the computer – nonetheless, the warrant says you may seize the computer. Isn't that a classic good-faith case by the government to seize the computer? Your Honor, it's facially overbroad. The Cow case – I agree it's facially overbroad. We're missing each other. They have a piece of paper from a magistrate judge that says you may seize the warrant, the computer. Why isn't a federal agent entitled to rely on that piece of paper? The federal agent violated what it knew were the procedures required in Hill, circumvented federal requirements under Hill by going to state court instead of federal court to seek an overbroad warrant that it had every reason to know was overbroad. It did not have the informed oversight of a magistrate. Hill talks about – Are you saying he couldn't – we're operating on the assumption we can't trust a federal state court judge or a state court magistrate as opposed to that he must go to a federal magistrate? Your Honor, I'm saying that this – the agent could easily have justified why a wholesale seizure was necessary in its state court warrant application, but state courts have not necessarily come to the same conclusion or they haven't developed their case law to the same extent as this court has in Hill and Temura, saying that the key safeguard for the seizure of a computer – or in this case, all computers, all electronic devices – a completely wholesale seizure. The central safeguard is that the interest involved, the balancing of privacy, what technology is really sought, what is the intention – must be – The seizure doesn't invade the privacy. The seizure just involves a possessory interest. And when it came to, quote, invading the privacy, it did go to a federal magistrate. So let's – I mean, I just want to get to the issue of the delay. Yes, Your Honor. And suppose the delay was 20 days was too long. Yes, Your Honor. So what? Why should – the police did not gain anything from the delay in getting the second warrant. They had no motive to delay. At the worst, they were insensitive to the need to proceed more quickly. On what basis should we suppress that evidence? I mean, in one of his opinions, in Herring v. The United States, the Chief Justice wrote, to trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it. And sufficiently culpable that such deterrence is worth the price to be paid by the justice system. Why is the price to be paid by the justice system not controlling, in this case, where you have a 20-day delay, there is no indication of any motive or benefit to the police, and you could – he never asked. He said, look, you're tying up my business. I need this thing back. Or bring an action under Rule 41G, which could have been brought. But in other words, I view this as a somewhat unusual case in the Fourth Amendment context with, quote, during, in close quote, this alleged violation, the defendant had a remedy short of waiting around and then saying exclude the evidence. Your Honor, there are a few different aspects to your question, and I'd like to first start with the Rule 41 issue and the issue of Mr. Jobes, the question of whether he should have been required to ask for his computer back. The consent cases Stabile and Christie that the government relies on talked about the failure to request an item back, but only in the context of the fact that the initial reason for the seizure was the consent. So it's not only that there was a failure to ask for it back in those cases. It was that the entire justification for the seizure in the first place was voluntary. They said, here's my computer. Your Honor, in fact, this is a stronger case in the sense that the First Amendment, the first warrant was from a magistrate. So here you have a case where the police twice are complying or attempting to comply with the most critical provision of the warrant clause of the Fourth Amendment, which is to get a warrant, which they do get, and then you have this delay, which is essentially meaningless. No one is saying that he has to make a Rule 41G motion. I'm simply suggesting that if this was such a terrible imposition on him to be without this computer to run his business, then he could have asked for it. And is that irrelevant? I'm not saying he should have. He was under some legal requirement. But you want us to basically let him go, and I just want to know why. Your Honor. Why did we accomplish? Your Honor, I think that any one of us would be very upset to be without our computer for 20 days. This Court in Hale. I may be upset enough, and you would write a letter. Well, I might not actually, Your Honor, because actually in this case, the fact of the warrant distinguishes Mr. Jobe from the other cases in which the property wasn't asked for. It's not really a Rule 41G that talks about whether the seizure, whether the possession of the police is with or without a warrant. It's not a question of. In fact, the fact that it was with a warrant to me makes it, you know, more sympathetic. Can I get a question in here, too? Answer Judge Corman's, but I want to focus on what the delay meant in this case. The delay was unjustified. Well, let's assume it was unjustified. Yes. If it had been a three-day delay, would you be here? I don't know, Your Honor. I'm not sure. Well, if it was a three-day delay, you would lose, would you not? If there were no explanation for it, we might not. Three days. I took three days. I don't remember why I took three days. I took three days. It would be a much harder case, Your Honor. Okay. So what is there about what troubles me about this case on the far end is what is there about this 20 days, other than the fact that your client didn't have access to his computer? The government didn't gain any benefit, correct? I don't know that that's right, Your Honor. I don't know that they didn't get any benefit. Well, you were up here on appeal and you had a chance to make a record. You can't tell me any benefit that the government obtained. I'm not aware of one. However, I – Did you – Can we just go back to Judge Corman's question? What was the harm? That's what I was going to try to ask. I know. That's what Judge Corman was asking. What is the harm to the interest that the defendant is asserting here? I think there's a harm to the legal system as a whole when the government circumvents Hill's requirements that are in the search and seizure manual of the Federal Department of Justice to explain why there's a need for wholesale seizures. That was not complied with. No judicial magistrate ever weighed those interests, and therefore we're starting from a point where this warrant is markedly defective. So to the extent the government – Which warrant? The seizure. The seizure. The initial seizure warrant. We all agree there's probable cause for the second warrant. Yes, I'm not questioning that, Your Honor. However, the initial – What is the – I just really want to get to Judge Corman's question because I think Judge Hurwitz was asking the same thing. And she'll do it better. I think we'll be on the same page. What is the harm to your client? What interest is hurt by the delay? His possessory interest, Your Honor, which increases with every day. This is not a negligible interest. In Mitchell and in Hill, the court talked about that. Computers are essentially a person's house. They contain any number of things. Our communications, our personal records, our creative work perhaps, our other work. That's why you need a warrant to search them. And nobody's arguing that you don't need a warrant to search them, and they've got a warrant to search them. So what's the big deal? In your case, forget about what you may have on your computer, what I may have on mine, which is none of what you say everybody has. Forget about that. But what is the harm in this particular case of this 20-day delay that essentially justifies letting your client walk out a free person? The harm is the government disregarding and disrespecting the interest that people have in their electronic devices. But they didn't disrespect it. They disrespected not his privacy interest. At most, it was a possessory interest, and they held onto it too long. And that's your argument. But that's where I get back to what the Chief Justice said. It has to be sufficiently culpable that such deterrence is worth the price to be paid by the justice system. Now, we had a case in the Ninth Circuit, I think the name is Cha, where they seized the guy's apartment. They put him out on the street for about 10 hours. They were totally, he couldn't even get in to get his diabetes medicine. And there was almost a deliberate disregard for his denial of his possessory interest in his apartment. I find that case shocking. And I would agree that even a 10-hour delay, which I believe was the delay in that case, that could be off by an hour, was terrible. But I don't see that in this case. But what you're saying is that for some people, 10 hours without their personal computer. 20 days, Your Honor. I'm sorry. Well, he's using a 10-hour case. I'm trying to say 10 hours without their data on their personal device is as much of a harm to their life and livelihood as seizing their apartment for a day. Because of what's contained on devices these days and how people can't live without their, that's your argument, right? Yes, in effect, Your Honor, these are extremely essential devices. We use them for all kinds of very important things. They may affect our livelihoods. But I also just would like to step back for a second. I don't believe that it's proper to require a specific revelation of what's on the device or the way in which it's used by the specific petitioner in order to establish a possessory interest. No, he has a possessory interest. We all understand he has a possessory interest. A very strong one, Your Honor. Strong one, weak one, medium one, I don't care. The question is, in this case, whether or not in a case in which there was probable cause to open the computer and look at it because you don't contest a second warrant, whether him being deprived of that possessory interest for 20 days when the computer was first seized pursuant to a state warrant, those set of facts should add up to applying the exclusionary rule. And you say yes. They should, Your Honor. I'd also like to refer to the Song Ja Cha case that Judge Corman cited, which talks about the interest to the entire judicial system by having the court be apprised of legal requirements, the requirement of diligence. It's a mistake of law not knowing that there needs to be some reason or at least justification. No, but one of the things about – I don't like to use good faith in this. The policies underlying the good faith exception. As you could say what good law is and let them know that 20 days is not acceptable and they should be more sensitive to the need to proceed with haste and still not apply an exclusionary rule. Well, but I think the question of whether the exclusionary rule is proper to apply is the question of whether there would be a deterrent effect. And I think that there would, Your Honor, because they have to act with diligence. And here, they simply did not act with diligence. No, and there's no indication at the slightest indication that he was prejudiced. He didn't ask for it back. And we know realistically that he didn't want to have it back. Well, we don't – I don't know how we know that, Your Honor. And actually, to tell you the honest truth, in the proceedings – He might have wanted to have it back before it was searched. Your Honor, there's – you know, in the district court, actually, Mr. Jobe requested further factual development on whether he did request it back. And the district court did not permit that factual development. What was the factual premise for it? Well, that was not brought out, Your Honor, because there was no evidentiary hearing that was held on that. You just can't ask for an evidentiary hearing without asking, telling the judge what it is you want to show. Well, I think that he presumably would have been – You need to show it because the judge ruled in their favor. So he was – so why would you need to make that argument? Yes, exactly. Counsel Belos said to the court during the hearing that if the court intends to rely upon this as one of the major bases to deny suppression, counsel requested an opportunity to make a record on whether, in fact, he did ask for it back. Without arguing the point, I'm just asking you a factual question now. Is there any case out there where there's a delay between two warrants? Yes, Your Honor. Fulton. I filed a 28-J letter on Fulton. Well, but – and how long was the delay between the two warrants in Fulton? Well, that was – I believe it was much shorter. I think it was only nine days in Fulton. But also in Fulton – No, no, just – I'm not asking for argument. I'm just asking you if there were cases. And you think the only case you have is Fulton? That's the only case where there needed to be – Yes or no? Yes. Because you're way over time. I don't want to – I don't want this to be the opportunity to start another five minutes. You have to ask all the questions. It is an interesting case. No, it's an interesting case. I just want to know if there are other cases out there I should look at. Do you think Fulton? I think Fulton. And if I may say one additional point about that, Your Honors. You'll get to, so go ahead. Okay. I'm making myself late. My son's graduating. I'm trying to help him. Yeah, so. Your Honor, there's a reason why these cases are infrequent. This is an unusual situation. The government does not usually circumvent Hill and their permits to justify wholesale electronic seizures by going to state court and asking for blanket or why a narrower seizure would be impermissible. That doesn't usually happen. So it's not usually necessary to obtain a second warrant to do the search. That is why we don't have more of these cases. In Fulton, there was only a nine-day delay, and I would like to also just point out that there was no challenge to the seizure warrant in that case. There was an unquestionably valid seizure in that case that was the main basis, as the government says, for upholding the delay. We have an invalid seizure in this case, an invalid seizure of Mr. Job's computer. His possessory interest was not diminished. Unlike many of the other cases which involve computer-specific crimes where the person whose equipment was being seized admitted that the device actually contained contraband, Mr. Job did none of those. His interests were not diminished in this case at all. I marvel at your ability to give a 45-paragraph answer to a question of is there a case out there that holds this. Thank you, Your Honor. I appreciate that. Thank you. I'll give you two minutes, and I have a question for you, too. Yes, thank you. So it seems in reading this whole decision by Judge Wu, it seems that his problem really was that the government didn't have any reason, that it was more just mistake or lack of an understanding that there was a requirement of diligence, and he thought the exclusionary rule should be applied in order to have a deterrent effect on future law enforcement action. Is that how you read what he's saying? I think that's right, but I think the problem was that Judge Wu didn't appreciate whatsoever the existence of the state warrant as part of that analysis, and the Fulton case that defense counsel points to, the Fifth Circuit held that, first, the government won, but second of all, that the very first factor that the court has to consider in adjudicating unreasonable delay when there is a warrant is the existence of that warrant. And Judge Wu just didn't do that. And ultimately, the only other point I would make is about the good faith exception, which is that, as the court has pointed out, as Your Honors have pointed out, as Song Jia Cha, the case opposing counsel cited, points out, there has to be deliberate misconduct, culpable misconduct, and there was none here. Well, she argues there was. Did the district judge make any findings on that? No, he did not. He didn't find that the government had engaged in any misconduct. He didn't find that there had been an invalid seizure. He didn't find that there had been any violation of whatever requirements Hill might have imposed. He simply didn't apply the good faith exception at all, and here, because there was no deliberate or culpable misconduct, no dilatory tactics by the government, as this court recognizes relevant in Johnson, no motive, nothing gained. That is why this court should reverse the district court suppression order and, at a minimum, instruct Judge Wu to recalculate the analysis by taking the state warrant into account. Yeah, I'm not sure that that's the correct that he should. And if he were to take it into account, maybe he'd have to take the whole thing into account, like whether there was probable cause that even supported it. He did actually analyze whether it was supported by probable cause because the defense raised that as an issue in the district court, and Judge Wu found that it was supported by probable cause. But certainly he could – But over broad with respect to the computer.  I think he found that it didn't permit the search of the computer, which is not what we relied on it for. All right. Thank you. Thank you, counsel. Thanks for the excellent argument. U.S. v. Joe is submitted.
judges: Wardlaw, Hurwitz, Korman